**JENKINS, Plaintiff, v. COHEN, Defendant.**

Common Pleas Court, Franklin County.

No. 196789. Decided January 31, 1957.

210

Joseph E. Ryan, Alfred J. Frericks, for plaintiff.
Wright, Harlor, Purpus, Morris & Arnold, for defendant.

## OPINION

By BARTLETT, J.

MOTION TO STRIKE FROM THE PETITION SUSTAINED PER ENTRY.

This action is founded upon the willful and wanton misconduct of the defendant in the operation of his motor vehicle, rather than his negligence in said operation thereof, which it is averred resulted in personal injuries to the plaintiff while riding with the defendant.

"An action based on wilful or wanton misconduct is apart from an action for negligent conduct, and the difference is one of kind, not merely of degree, since negligence does not have for its base either wilfulness or wantonness, and misconduct which is merely negligent is neither wilful or wanton." 6 O. Jur. (2d), Automobiles, Sec. 226, p. 452.

If the instant case were based on pure negligence, it would be essential to aver and prove that the plaintiff was a passenger for hire and not a guest under §4515.02 R. C.; but where based upon willful or wanton misconduct of the person responsible for the operation of the car, the status of the plaintiff as a guest in the car, is not an issue, so that an averment of paid transportation serves no proper purpose in the petition.

Counsel for the plaintiff assert they know of no rule of law that estops the plaintiff from recovering in a negligence action, where he goes further and proves willful and wanton misconduct.

4. "A party charged with wanton misconduct is deprived of his plea of contributory negligence."

5. "The parking of an unlighted truck for a few minutes on the proper side of a city street after dark on a misty, rainy night, two feet from the curb, if there was a curb, in order that the driver, who had lost his way, might cross the street and make inquiry, the lights of which truck were burning several miles away and several minutes before collision, while negligence, is not wanton misconduct, and the injection of the element of wanton misconduct into such case to the point that the trial court instructs the jury on such issue, constitutes prejudicial error and a judgment based thereon must be reversed." 130 Oh St 568, Universal Concrete Pike Co. v. Bassett.

On page 573 Stephenson, J., speaking for the court in the Bassett case says:

"but the party who injects the ingredient of wantonness in a case where the facts do not warrant it is playing with fire and may ruin a perfectly good case, if based on ordinary negligence."

On page 580 of his opinion, Stephenson, J., continues:

"a party is either guilty of wanton misconduct or he is not, and to permit a litigant to gamble with wanton misconduct until he sees he is going to lose, then fall back upon his action for ordinary negligence is subjecting the party sued to a hardship the law never intended."

The motion to strike from the petition is sustained. Entry accordingly with exceptions by counsel for plaintiff.